**UNITED STATES of America**

v.

**Arnell D. DAVIS, Defendant.**

**No. CR. 4:03CR58.**

United States District Court,
E.D. Virginia,
Newport News Division.

Dec. 2, 2003.

---

Sherrie Capotosto, Assistant United States Attorney, Norfolk, VA, for United States.

Timothy Anderson, Chesapeake, VA, for Arnell D. Davis.

## OPINION AND ORDER

FRIEDMAN, District Judge.

On December 1, 2003, the defendant appeared before the court to be sentenced. The defendant was convicted by a jury, on August 1, 2003, of four counts of an indictment charging him with conspiracy to commit perjury and obstruction of justice, corruptly influencing the testimony of a witness, suborning of perjury, and obstruction of justice, all in connection with an earlier federal trial in which the defendant convinced his girlfriend to commit perjury on his behalf. Prior to sentencing, the government objected to the probation officer's calculation of the guideline range in the presentence investigation report ("PSR") and, in the alternative, moved for an upward departure. The motion with respect to the guideline range was withdrawn at sentencing. The defendant requested a downward departure. Because the particular issues that the court encountered in determining the appropriateness of a departure are somewhat unique, the court issues this Opinion and Order further explaining its decision to **GRANT** the government's motion for an upward departure and **DENY** the defendant's motion for a downward departure.

## I. Background

The defendant was arrested for speeding in Suffolk, Virginia on July 31, 2001. At the time of his arrest, a loaded 9mm pistol was recovered from the dashboard of the car, and an amount of marijuana was found in a backpack behind the passenger seat. No other passengers were present in the vehicle. On October 3, 2001, a federal grand jury charged the defendant with possession with intent to distribute marijuana, carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a drug user. The jury trial for these offenses commenced on April 22, 2002, and concluded on April 24, 2002. It was a material element of the charges that the defendant knowingly possessed the marijuana and the firearm. During the trial, the defendant's girlfriend testified falsely that the marijuana found in the car did not belong to the defendant, but that she had agreed to hold it for a third party. She testified that the defendant was not aware that the marijuana was in the vehicle. The jury found the defendant not guilty of possession with intent to distribute marijuana and not guilty of possession of a firearm.

The defendant was indicted in the instant case on May 8, 2003. Following a jury trial, the defendant was convicted on August 1, 2003, of all four counts in the indictment. The matter was continued for sentencing and for preparation of a PSR. The probation officer calculated the defendant's base offense level for the four counts pursuant to U.S.S.G. §§ 2J1.2 (Obstruction of Justice) and 2J1.3 (Perjury), which both provide that "[i]f the offense involved [obstruction of justice or perjury in respect to a criminal offense] apply § 2X3.1 (Accessory After the Fact) in re-

spect to that criminal offense, if the resulting offense level is greater than that determined above." U.S.S.G. §§ 2J1.2, 2J1.3.

Section 2X3.1 provides for a base offense level six levels lower than the offense level for the underlying offense, but in no event less than four, or more than thirty. U.S.S.G. § 2X3.1. The offense level for the underlying marijuana possession charge was determined to be eight, based on the amount of the marijuana. The firearm charge was based on 18 U.S.C. § 924(c). The guideline sentence for the firearm charge is the minimum term required by statute. No offense level is provided. U.S.S.G. § 2K2.4. Accordingly, because the probation officer could not apply the cross-reference to section 2X3.1 with respect to the gun charge, and because the offense level for the marijuana charge was lower than that provided for under sections 2J1.2 and 2J1.3, the defendant's sentence was calculated with respect to sections 2J1.2 and 2J1.3 only, and not with respect to the underlying criminal charges.

## II. Motion for Upward Departure

The government requests that the court upwardly depart from the sentencing range of 30–37 months. The government argues that, pursuant to section 5K2.0 of the Sentencing Guidelines, this case presents the "aggravating or mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); U.S.S.G. 5K2.0. The government argues also that an upward departure is warranted under section 5K2.9. This section, entitled "Criminal Purpose," provides:

If the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct.

U.S.S.G. 5K2.9.

In *Koon v. U.S.*, 518 U.S. 81, 95–96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Supreme Court divided departures into three categories: (1) departures based on an encouraged factor; (2) departures based on a discouraged factor, or an encouraged factor already taken into account in the applicable guideline range; and (3) departures based on factors not mentioned in the Sentencing Guidelines. These categories apply to both upward and downward departures. *See United States v. Terry*, 142 F.3d 702, 705 (4th Cir.1998); *United States v. Hairston*, 96 F.3d 102, 105–107 (4th Cir.1996).

The Supreme Court has instructed that:

If the special feature suggested as a basis for departure is an encouraged factor, then a court can depart on that basis if that feature is not already taken into account in the applicable guideline. If the special feature is a discouraged factor, or an encouraged factor already taken into account in the applicable guideline, then a court can depart only if the factor is present to an exceptional degree or in some other way which makes the case different from the ordinary case where the factor is present. Finally, if the special feature is not mentioned at all in the Guidelines, before departing on this basis, a court must consider the structure and theory of the relevant individual guideline and the Guidelines as a whole, bearing in mind that departures on the basis of factors not mentioned in the Guidelines will be very infrequent.

*Hairston*, 96 F.3d at 105–106 (citing *Koon*, 518 U.S. at 95–96, 116 S.Ct. 2035 (internal citations omitted)).

The court finds that, due to the unique circumstances of this case, an upward departure is appropriate under all three categories. First, section 5K2.9 is an encouraged factor that the court may use as a basis for departure if this factor is not already taken into account in the applicable guidelines. The defendant's guideline range was calculated pursuant to sections 2J1.2 and 2J1.3, both of which require the application of section 2X3.1 if such application would result in a greater offense level. These sections, however, do not allow for the consideration of a stand alone 18 U.S.C. 924(c) gun possession charge because it does not carry an offense level. *See* U.S.S.G. 2K2.4. Because the cross-reference provision cannot be applied with respect to the firearm charge, the applicable guidelines do not consider the commitment of perjury and obstruction of justice in an effort to conceal this offense, and a departure pursuant to section 5K2.9 is appropriate.

The court recognizes, however, that the Criminal Purpose factor is generally taken into account in sections 2J1.2 and 2J1.3. The cross-reference to section 2X3.1 allows for a higher offense level if the perjury and obstruction of justice were "in respect to a criminal offense." Furthermore, the Application Notes to section 2J1.2 indicate that "the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense ... [u]se of this cross-reference [to section 2X3.1] will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense." U.S.S.G. § 2J1.2 (App.Notes); *see also United States v. Prine,* 14 Fed.Appx. 220, 222–223 (4th Cir.2001). If this factor is considered in the applicable guidelines then, the court may only depart if this "factor is present to an exceptional degree

or in some other way makes the case different from the ordinary case where the factor is present." *Koon,* 518 U.S. at 95, 116 S.Ct. 2035.

The court finds that, even if sections 2J1.2 and 2J1.3 generally take into account the encouraged Criminal Purpose factor, this case is different from the ordinary case where the factor is present. This case involved perjury and obstruction of justice to conceal underlying conduct. Although the applicable guideline sections expressly require the consideration of underlying criminal conduct, this particular conduct cannot be considered because the firearm charge has no offense level. U.S.S.G. §§ 2K2.4, 2J1.2, 2J1.3. Accordingly, the court finds that this case is significantly unlike other cases with underlying conduct that can be considered, and a departure is appropriate.

Finally, a departure is also warranted under the third category described in *Koon.* Pursuant to section 5K2.0, there exists an aggravating circumstance of a kind not adequately taken into consideration by the Sentencing Commission that should result in a sentence different from that described in sections 2J1.2 and 2J1.3. The circumstance is the Sentencing Commission's failure to take into consideration the seriousness of the defendant's conduct because the cross-reference provisions in sections 2J1.2 and 2J1.3 do not apply to an underlying section 924(c) charge.

The extent of an upward departure must be reasonable under the circumstances. *See* 18 U.S.C. § 3742; *Terry,* 142 F.3d at 707.. "In determining what is reasonable under the circumstances, the sentencing court should first consider the rationale and methodology of the Sentencing Guidelines." *Terry,* 142 F.3d at 707. The court may look to the treatment of analogous conduct in other sections of the Guidelines,

or set forth some other "form of principled justification for its departure determination." *Id.* The analogous treatment in the Guidelines is found under section 2J1.2. *See Prine,* 14 Fed.Appx. at 223. Although this section does not permit consideration of the underlying gun charge, its instruction to consider the underlying criminal offense guides the extent of the court's departure.

The court departs upward from an offense level 19 to an offense level 25, resulting in a sentence range of 57–71 months. The extent of this departure accounts for the seriousness of the crimes for which the defendant avoided punishment by his obstruction of justice and subornation of perjury. The government and defense counsel agreed that the defendant would have faced a sentence of some 60–66 months had he been convicted in his first trial. The guideline calculations performed by the probation officer resulted in a sentencing range of 30–37 months. The extent of the departure is necessary to ensure that the defendant does not receive a net sentencing benefit for his efforts to conceal his earlier offenses.

### III. Motion for Downward Departure

█ The defendant requests that the court downwardly depart to give the defendant credit for the time he served in prison while awaiting his April 2002 trial, involving the marijuana and gun possession charges. The court finds that the time spent incarcerated for the earlier offense is not an "aspect of the [instant] case ... unusual enough for it to fall outside the heartland of cases in the Guidelines." *Koon,* 518 U.S. at 98, 116 S.Ct. 2035. A downward departure based on credit for time served is an unmentioned factor and the Sentencing Commission expects departures based on unmentioned factors to be "highly infrequent." *Id.* Furthermore, 18 U.S.C. § 3585 governs the credit of prior custody with respect to sentencing. This section provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he had spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585. The defendant's prior incarceration was the result of a separately charged offense. The court will not award a downward departure for this time served in a related yet separate offense.

### IV. Conclusion

Accordingly, the government's motion for an upward departure is **GRANTED**. The defendant's motion for a downward departure is **DENIED**. The court departs upward to an offense level 25. The defendant is sentenced in accordance with the provisions set forth on the record at the December 1, 2003 hearing and contained in the Judgement Order issued by the court.

It is so **ORDERED**.